## Preliminary Statement

Plaintiffs Town Plaza of Poughquag, LLC ("Town Plaza") and Tower Insurance Company of New York ("Tower") submit this memorandum of law in support of their motion for an order granting them summary judgment:

1. declaring that defendant Hartford Fire Insurance Company ("The Hartford") must reimburse Tower for all amounts it incurred defending and indemnifying Town Plaza in an action entitled *Richard Luders and Deborah Luders v. Town Plaza of Poughquag, LLC and Town Centre Pharmacy, Inc., d/b/a Beekman Pharmacy*, filed in the Supreme Court of the State of New York, Dutchess County, under Index No. 8655/10 ("the underlying action");

2. declaring that Town Plaza's coverage under The Hartford's policy in the underlying action is primary to its coverage under its policy with Tower; and for such other and further relief as this Court deems just and proper.

In the underlying action, the Luders sought damages against Town Plaza and Town Centre Pharmacy, Inc. d/b/a Beekman Pharmacy ("Town Centre") for injuries Richard Luders allegedly sustained when he fell on a sidewalk while leaving premises that Town Plaza leased to Town Centre ("the demised premises"). The Luders sued Town Plaza and Town Centre for their alleged negligence in failing to safely maintain the premises.

Plaintiffs filed this action seeking a judgment declaring that The Hartford must defend and indemnify Town Plaza in the underlying action as an additional insured under a liability policy that The Hartford issued to Town Centre. They also sought a determination that Town Plaza's coverage under The Hartford's policy is primary to

Town Plaza's coverage under a liability policy issued by Tower, which defended it in the underlying action, and that The Hartford must therefore reimburse Tower for the legal costs it has and will incur defending Town Plaza. Since the underlying action has now settled, Tower seeks reimbursement of all amounts it incurred defending and indemnifying Town Plaza in the underlying action.

The Hartford's policy includes an endorsement designating Town Plaza as additional insured "with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to [Town Centre]." Under controlling case law, coverage under this endorsement extends to liability for accidents both within and without the demised premises, provided the accident has some connection with the use of the demised premises. Since here, Luders was allegedly injured on an abutting sidewalk servicing Town Centre, shortly after leaving the premises, Town Plaza is entitled to additional-insured coverage under The Hartford policy.

Finally, under the respective policies' "other insurance" clauses, The Hartford's policy is primary to the Tower policy as respects Town Plaza's coverage under the two policies, thus entitling Tower to full reimbursement from The Hartford of all amounts it incurred defending and indemnifying Town Plaza in the underlying action.

2

## Statement of Facts

### The lease between Town Plaza and Town Centre

Town Plaza and Town Centre entered into a lease dated July 28, 2009, in which Town Centre leased from Town Plaza 5,200 square feet of retail space for use as a pharmacy ("the demised premises").[1]

The lease defines the demised premises to include approximately 2,700 square feet of existing retail space, and an additional 2,500 square feet of adjoining retail space to be completed in the spring of 2009, with a 15-year lease term beginning October 1, 2009.[2]

The lease requires that Town Centre, at its sole expense, "furnish and install all lighting tubes, lamps, bulbs and ballasts" for the demised premises.[3] Town Centre was also responsible for expenses relating to common areas, including the parking lot and exterior lights.[4]

The lease's insurance clause states, as pertinent here, that Town Centre must maintain liability insurance protecting Town Plaza from all liability occurring in or about the demised premises, including "adjoining sidewalks, curbs, vaults and vault space, if any, streets or ways, or any appurtenances thereto," in an amount of at least $3 million per occurrence.[5]

The clause further states that Town Centre's liability policy must name Town Plaza as insured.[6]

---

[1] See lease attached to Seltzer Decl. as Ex. A.
[2] See id. at TOWER000260.
[3] See id. at TOWER000285.
[4] See id. at TOWER000279.
[5] See id. at TOWER000265-266.
[6] See id. at TOWER000266.

The lease also includes an indemnification clause requiring that Town Centre defend, indemnify and hold harmless Town Plaza as respects any liability that is "claimed to have occurred on or about the Demised Premises or any part thereof."[7]

**The Hartford policy**

The Hartford issued a Business Insurance Policy to Town Centre bearing policy number 12 SBA BG9522, effective September 23, 2009 to September 23, 2010.[8]

The Hartford's policy covers "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . caused by an 'occurrence,'" which the policy defines in relevant part as an "accident," "that takes place in the 'coverage territory,'" which the policy defines to include the entire United States, up to the policy's $2 million occurrence limit.[9]

The Hartford's policy also requires that The Hartford defend the insured against any suit seeking such damages.[10]

The Hartford's policy includes a form, entitled "Optional Additional Insured Coverages," that modifies the WHO IS AN INSURED section of the policy to name as additional insured "the person(s) or organizations(s) shown in the Declarations . . . but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you [Town Centre] and shown in the Declarations."[11]

The policy declarations identify Town Plaza as an additional insured effective October 1, 2009.[12]

---

[7] See id. at TOWER000267, ¶14 ("Indemnification by Lessee").
[8] See policy attached to Seltzer Decl. as Ex. B.
[9] See id. at TOWER000017, TOWER000053, TOWER000072-74.
[10] See id. at TOWER000053.
[11] See id. at TOWER000070 ("Optional Additional Insured Coverages—Additional Insured—Managers or Lessors of Premises.").
[12] See id. at TOWER000148.

4

With respect to priority of coverage, the policy states that coverage for the additional insured "is primary if you [Town Centre] have agreed in a written contract, written agreement or permit that this insurance is primary."[13]

**The Tower policy**

Tower issued a commercial lines policy to Town Plaza, effective May 13, 2009 to May 13, 2010, in connection with the premises, which provides liability coverage substantially identical to the liability coverage provided by The Hartford's policy.[14]

The Tower policy, however, states that its coverage is excess to "[a]ny other primary insurance available to you [Town Plaza] covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement."[15]

**The complaint, relevant testimony, and findings in the underlying action**

The complaint filed in the underlying action alleges that Richard Luders sustained injury on November 20, 2009, at approximately 5:20 p.m., when he fell on the sidewalk in front of Town Centre.[16] The complaint alleges that both Town Plaza and Town Centre negligently "permitted the sidewalk in front of the Beekman Pharmacy on the property known as Town Plaza, to be defective, dangerous, unsafe and/or in need of repair."[17]

Richard Luders testified in the underlying action that he fell on the sidewalk in front of Town Centre, approximately ten to fifteen steps from its entrance, after stopping

---

[13] See id. at TOWER000069.
[14] A copy of the Tower policy is attached to Seltzer Decl. as Ex. 1 of Aptman Aff.
[15] Id. at TOWER000226.
[16] See compl. attached to Seltzer Decl. as Ex. C.
[17] See id. at TOWER000003—¶10; TOWER000004—¶19.

5

to fill a prescription.[18] While walking on the sidewalk to a common parking area,[19] he "tripped off the [sidewalk] curb."[20]

At the time, Luders was allegedly maneuvering around a pallet of construction materials obstructing the sidewalk.[21] Town Centre testified that the materials may have been left behind by workers who it had engaged to perform construction work in the demised premises.[22]

Town Centre also controls lighting installed on the outside of the demised premises, which provides illumination for the sidewalk area.[23] Deborah Luders alleges that at the time of the accident, "[t]here were no lights on in the parking lot, and there were no lights on, on the exterior of the pharmacy."[24]

The Court in the underlying action found that Richard Luders sustained injury when he tripped and fell on the sidewalk in front of Town Centre, and cited, among other factual issues requiring determination at trial, the Luders' claim that Town Centre's outside lights were turned off when the accident happened, and that the sidewalk was obstructed by a pallet of construction materials.[25]

**The Hartford denies Tower's tender**

Tower first learned about the occurrence on December 2, 2009, when it received

---

[18] See 2/24/12 deposition tr. of Richard Luders attached to Seltzer Decl. as Ex. D at TOWER000376-378; TOWER000389; marked photograph showing accident location attached to Seltzer Decl. as Ex. E.
[19] See 2/24/12 deposition tr. of Richard Luders attached to Seltzer Decl. as Ex. D at TOWER000377; deposition tr. of Arnold Papowitz attached to Seltzer Decl. as Ex. F at TOWER000519; deposition tr. of Gjafer Berisha attached to Seltzer Decl. as Ex. G at TOWER000318.
[20] See deposition tr. of Richard Luders attached to Seltzer Decl. as Ex. D at TOWER000382; deposition tr. of Deborah Luders attached to Seltzer Decl. as Ex. H at TOWER000481.
[21] See 2/24/12 deposition tr. of Richard Luders attached to Seltzer Decl. as Ex. D at TOWER000380-382.
[22] See deposition tr. of Arnold Papowitz attached to Seltzer Decl. as Ex. F at TOWER000540.
[23] See deposition tr. of Gjafer Berisha attached to Seltzer Decl. as Ex. G at TOWER000339; deposition tr. of Arnold Papowitz attached to Seltzer Decl. as Ex. F at TOWER000507-508.
[24] See aff. of Deborah Luders attached to Seltzer Decl. as Ex. I at ¶5.
[25] See decision and order attached to Seltzer Decl. as Ex. J.

a notice of occurrence from Town Plaza's broker, Bryan Insurance Agency, LLC.[26]

On November 16, 2010, Tower tendered Town Plaza's defense and indemnification to The Hartford, claiming, among other things, that Town Plaza was entitled to additional-insured coverage under The Hartford's policy.[27]

In a letter dated November 29, 2010, The Hartford acknowledged receipt of Tower's tender, but notified Tower that it still needed to investigate the incident, and would be in "further contact."[28]

On July 18, 2011, more than eight months later, The Hartford notified Tower that it was denying Tower's tender because it claimed that the accident happened "in the common parking lot."[29]

Due to The Hartford's refusal to defend Town Plaza, Tower incurred more than $137,000 defending and indemnifying them in the underlying action through December 3, 2013, when the underlying action settled.[30]

**The declaratory judgment action**

Plaintiffs commenced this action by filing a Summons and Complaint dated August 22, 2012 in the New York County Supreme Court, seeking a judgment declaring that The Hartford must defend and indemnify Town Plaza in the underlying action, that The Hartford's policy is primary to the Tower policy as respects Town Plaza's coverage in the underlying action, and awarding Tower all amounts it has incurred and will incur defending and indemnifying Town Plaza.[31]

---

[26] See notice documents attached to Seltzer Decl. as Ex. 2 of Aptman Aff.
[27] See 11/16/10 letter from Cavanagh to The Hartford attached to Seltzer Decl. as Ex. 3 of Aptman Aff.
[28] See 11/29/10 letter from Hacku to Tower attached to Seltzer Decl. as Ex. 4 of Aptman Aff.
[29] See 7/18/11 letter from Hacku to Tower attached to Seltzer Decl. as Ex. 5 of Aptman Aff.
[30] Aptman Aff. attached to Seltzer Decl. at ¶8.
[31] See Summons & Compl. attached to Seltzer Decl. as Ex. K.

The Hartford removed the action to this Court on or about October 19, 2012, alleging diversity of citizenship.[32]

The Hartford then served an Answer dated November 19, 2012, denying the complaint's material allegations and asserting as affirmative defenses that Town Plaza is not entitled to coverage, and that its coverage is excess to available coverage under the Tower policy.[33]

---

[32] See Notice of Removal attached to Seltzer Decl. as Ex. L.
[33] See Answer attached to Seltzer Decl. as Ex. M.

# Argument

**I. The Hartford had a duty to defend and indemnify Town Plaza in the underlying action.**

**A. The additional-insured endorsement covers liability for accidents that occur outside the demised premises where, as here, the use of the area or the activity in which the injured person was engaged was incidental to their use.**

To determine whether there is a possibility of coverage here, this Court must first determine the scope of the subject policy endorsement, which covers Town Plaza for "liability arising out of the ownership, maintenance or use of the [demised] premises."

To begin, under well-established law, the endorsement does not limit coverage to liability for accidents occurring within the demised premises. *See, e.g., ZKZ Assocs. v. CNA Ins. Co.*, 89 N.Y.2d 990, 657 N.Y.S.2d 390 (1997), *aff'g ZKZ Assocs. v. CNA Ins. Co.*, 224 A.D.2d 174, 637 N.Y.S.2d 117 (1st Dep't 1996); *Maldonado v. Kissm Realty Corp.*, 18 A.D.3d 627, 796 N.Y.S.2d 619 (2d Dep't 2005); *Ambrosio v. Newburgh Enlarged City Sch. Dist.*, 5 A.D.3d 410, 774 N.Y.S.2d 153 (2d Dep't 2004); *N.Y. Conv. Ctr. Open Oper. Corp. v. Morris Cerrullo World Evangelism, Inc.*, 269 A.D.2d 275, 704 N.Y.S.2d 211 (1st Dep't 2000). Indeed, "[i]t would have been easy to provide that there was no coverage for occurrences 'off the premises'. For an exclusion of liability, not apparent from the words used, to be found to have been intended by the insurer, the responsibility must fall on the insurer to express it." *DeForte v. Allstate Ins. Co.*, 81 A.D.2d 465, 468, 442 N.Y.S.2d 307 (4th Dep't 1981) (citation omitted).

Nor does coverage under the endorsement depend on which party was responsible for maintaining the area where the accident occurred, i.e., it can apply even where the accident took place in an area that the lessor was exclusively obligated to maintain. *See Cerrullo*, 269 A.D.2d at 276-77; *ZKZ*, 224 A.D.2d at 176.

Rather, the endorsement applies where the accident occurs in an area "whose use was incidental to the use of the expressly covered premises," especially where the activity in which the injured person was engaged when the accident occurred was likewise incidental to the use of the demised premises. *Cerullo*, 269 A.D.2d at 276; *see Ambrosio*, 5 A.D.3d at 412; *ZKZ*, 224 A.D.2d at 176.

In *Cerullo*, for example, the court found that the Javits Center's owner, NYCCOC, was entitled to additional-insured coverage under a policy Cigna issued to Cerullo, a licensee of certain space at the center, for an accident that occurred outside that space, in an area that NYCCOC was obligated to maintain, because that area was incidental to the space's use and the claimant was injured while on her way to Cerullo's convention:

> Contrary to the conclusion of the Supreme Court, the Cigna Policy covers NYCCOC for liability for personal injuries suffered at the entranceway to the Javits Center by persons who were on the premises for the purpose of attending Cerullo's conference. That the entranceway was not included in the "Space" Cerullo was licensed to use for the conference is of no moment. It was part of the "right of passage" to such space and coverage under the policy was not limited to injuries incurred in the licensed "Space" itself. Rather, the Cigna Policy afforded coverage for "bodily injury" . . . "arising out of ... [the] use of the premises [referenced in the policy declarations] ... and operations necessary or incidental to those premises...." This Court has recently construed similar language in another liability insurance policy to include not only the premises specifically identified as covered, but also other space whose use was incidental to the use of the expressly covered premises [citing *ZKZ*].
>
> A person coming to attend Cerullo's conference had to go through an entranceway to the Javits Center in order to reach the conference. That Cerullo had no control over, or responsibility for, the entrance ways to the Javits Center, is irrelevant to the scope of coverage under the Cigna policy . . . .

*Id.* at 276-77.

Similarly, in *Ambrosio*, the court found that the additional-insured school was entitled to coverage under a policy issued to a kennel club that leased portions of the school and the school's fields for a dog show for an accident sustained by a kennel-club member who was injured while walking on a sidewalk abutting the school between the school building and the fields:

> Although the sidewalk where the injured plaintiff fell was not specifically named in the endorsement as leased premises, its use was incidental to the covered premises as a means of getting from the rooms within the School to the fields where the dog show was being held.

5 A.D.3d at 410.

Again, in *ZKZ Associates*, 89 N.Y.2d at 990, the Court made clear that a landlord was entitled to additional-insured coverage under the same endorsement for an accident that happened off premises on a sidewalk used for access to and from the demised premises:

> The part of the sidewalk where the alleged accident occurred was necessarily used for access in and out of the garage Guardian operated and was thus, by implication, 'part of the ... premises' that Guardian was licensed to use under the parties' agreement. Consequently, the claim arose out of 'the ownership, maintenance [or] use of' the garage. Accordingly, the allegations in the complaint fell within the risk covered by the policy and defendant insurer was obligated to defend plaintiff in the pending action.

*Id.* at 991.

As these cases confirm, the only relevant issue to the endorsement's applicability is whether the accident was of a type whose risk was increased by the demised premises having been used or occupied by the named-insured tenant, as opposed to, say, being left vacant or used by a different kind of business. And as these cases demonstrate, such increased risk includes that arising out of employee or customer

traffic in areas in which such traffic naturally and typically occurs due to the business's nature, location or configuration, whether inside or outside the demised premises.

Thus, even if there were some doubt about whether the subject sidewalk was part of the demised premises, Town Plaza would still be entitled to coverage because it is undisputed that the sidewalk provided access to the demised premises, that Richard Luders used the sidewalk to gain access to and from the demised premises, and that Luders became injured shortly after leaving the demised premises while walking on the sidewalk.

### B. The allegations and undisputed facts in the underlying action triggered The Hartford's duty to defend and indemnify Town Plaza.

An insurer's duty to defend hinges on whether "the four corners of the complaint suggest — or the insurer has actual knowledge of facts establishing — a reasonable possibility of coverage." *Cont'l Cas. Co. v. Rapid-Am. Corp.*, 80 N.Y.2d 640, 648, 593 N.Y.S.2d 966 (1993). Stated otherwise, an insurer may avoid a duty to defend "only if it could be concluded as a matter of law that there is no possible factual or legal basis on which [it] might eventually be held to be obligated to indemnify [the insured] under any provision of the insurance policy." *Spoor-Lasher Co. v. Aetna Cas. & Sur. Co.*, 39 N.Y.2d 875, 876, 386 N.Y.S.2d 221 (1976).

Since the underlying complaint here broadly alleges that Richard Luders was injured on the sidewalk, and that Town Centre and Town Plaza are liable based on their alleged failure to safely maintain the sidewalk, it failed to eliminate the possibility of coverage under the additional-insured endorsement, thus triggering The Hartford's duty

to defend.[34] Likewise, The Hartford had "actual knowledge" that Richard Luders was injured on the sidewalk, and that Luders had used the sidewalk to gain access to the demised premises, thus further triggering The Hartford's duty to defend.

The Hartford's duty to indemnify Town Plaza, by contrast, "does not turn on the pleadings, but rather on whether the loss, as established by the facts, is covered by the policy." *Atl. Mut. Ins. Co. v. Terk Techs. Corp.*, 309 A.D.2d 22, 28, 763 N.Y.S.2d 56 (1st Dep't 2003).

As set forth above, there is no factual dispute regarding the location of the accident, the fact that that location's use was incidental to the use of the demised premises, or that Luders was engaged in an activity incidental to the use of the demised premises when he was injured. As such, even though the underlying action settled before trial, this Court can determine as a matter of law that The Hartford was obligated to indemnify Town Plaza as well.

Indeed, under indistinguishable facts, courts applying this endorsement have routinely found a duty to indemnify the lessor before liability in the corresponding underlying actions has been established. *See, e.g., Ambrosio; Cerullo; Maggio v. Frank Mercogliano, Inc.*, 693 N.Y.S.2d 609, 262 A.D.2d 612 (2d Dep't 1999).

---

[34] *See* compl. attached to Seltzer Decl. as Ex. C at TOWER000003—¶10; TOWER000004—¶19.

## II. The Hartford's policy is primary to the Tower policy with respect to Town Plaza's coverage in the underlying action given the policies' respective "other insurance" clauses.

Where an insured is covered by multiple policies, the insurers' respective duties are determined by reference to their "other insurance" clauses. *See Great N. Ins. Co. v. Mt. Vernon Fire Ins. Co.*, 92 N.Y.2d 682, 686 (1999).

Here, the Tower states that it is excess to all "other primary insurance available to you [Town Plaza] covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement."[35]

By contrast, The Hartford's policy provides primary coverage to Town Plaza where "you [Town Centre] have agreed in a written contract, written agreement, or permit that this [The Hartford's] insurance be primary."[36]

Generally, "coverage for additional insureds [is] primary coverage unless unambiguously stated [in a written agreement] otherwise." *Pecker Iron Works of N.Y., Inc. v. Traveler's Ins. Co.*, 99 N.Y.2d 391, 393, 685 N.Y.S.2d 411 (2003). In *Pecker*, as here, the policy stated that coverage for the additional insured, Pecker, would be excess, unless the named insured, Upfront, "ha[d] agreed in a written contract for this insurance to apply on a primary . . . basis." *Id.* at 393. The Court found that the parties' mere agreement to name Pecker as additional insured satisfied the policy provision, stating that "[w]hen Pecker engaged Upfront as a subcontractor and in writing provided that Upfront would name Pecker as an additional insured, Pecker signified, and Upfront agreed, that Upfront's carrier—not Pecker's—would provide Pecker with primary

---

[35] *See* policy attached to Seltzer Decl. as Ex. A of Aptman Aff. at TOWER000226.
[36] *See* policy attached to Seltzer Decl. as Ex. B at TOWER000069.

coverage on the risk." *Id.* at 393-94. Thus, under *Pecker*, coverage for the additional insured is deemed primary absent language in the parties' agreement that such coverage is intended to be excess only. *See id.*

Here, the lease states that "all insurance . . . shall, except for workers' compensation insurance, name Lessor [Town Plaza] . . . as insured[],"[37] thus signifying Town Centre's intent to provide Town Plaza with primary coverage. Under *Pecker*, since the lease does not state that Town Plaza's coverage is excess only, Town Plaza is entitled to primary coverage under The Hartford policy. Since the Tower policy is excess where, as here, "other primary insurance [is] available to you [Town Plaza], Tower is entitled to full reimbursement of all amounts it incurred defending and indemnifying Town Plaza in the underlying action.

---

[37] See lease attached to Seltzer Decl. as Ex. A at TOWER000266.

## Conclusion

WHEREFORE, it is respectfully requested that this Court grant plaintiffs' motion in its entirety, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 4, 2015

Respectfully submitted,

LAW OFFICE OF MAX W. GERSHWEIR

By: _____
Joshua L. Seltzer
100 William Street — 7th Floor
New York, New York 10038
212-655-4000
jseltzer@twrgrp.com

*Attorneys for Plaintiffs Town Plaza of Poughquag, LLC and Tower Insurance Company of New York*