L09-6193

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TOWN PLAZA OF POUGHQUAG, LLC and
TOWER INSURANCE COMPANY OF NEW YORK,

                              Plaintiffs,

    -against -

HARTFORD FIRE INSURANCE COMPANY,

                              Defendant.
------------------------------------------------------------------x

Case No.: 12-CV-07823
(ALC) (SN)

# REPLY MEMORANDUM OF LAW

Law Office of Max W. Gershweir
Attorney for Plaintiffs
Town Plaza of Poughquag, LLC and
Tower Insurance Company of New York
100 William Street, 7th Floor
New York, New York 10038
Tel (212) 655-4000
Fax (212) 655-5039

**Preliminary Statement**

Plaintiffs Town Plaza of Poughquag, LLC and Tower Insurance Company of New York submit this memorandum of law in further support of their motion for summary judgment and in response to defendant Hartford Fire Insurance Company's opposition thereto.

## Argument

**I. Hartford interprets the scope of its additional-insured coverage too narrowly.**

In arguing that it had neither a duty to defend nor indemnify, Hartford claims that its industry-standard additional-insured clause is triggered only where the subject accident occurs within the demised premises or where the tenant's negligence caused the alleged accident, such as where the accident-causing condition is one the tenant was required under the lease to address through maintenance or repair. The case law discussed below and in Tower's initial memorandum of law, however, demonstrates that that claim is false, and that instead the subject clause extends, as relevant here, to any injury sustained in an area that is incidental to the use of the demised premises, even if it is not within those premises and is not an area the tenant was required under the lease to maintain.

In opposing Tower's motion, Hartford contends that the cases cited in its brief are distinguishable because they mostly involve accidents on sidewalks that were "necessary to access the leasehold."[1] This cosmetic factual distinction, however, bears no relationship to the actual legal standard the courts have employed in those cases to arrive at their holdings. For example, in *N.Y. Convention Center Operating Corp. v. Morris Cerrullo World Evangelism, Inc.*, 269 A.D.2d 275 (1st Dep't 2000), rather than merely base its holding on the fact that the accident location was necessarily used by visitors to access the tenant's space, the court more broadly found that the endorsement "afforded [the additional-insured property owner] coverage for the increased risk of liability attendant to [the tenant's] use of the [property]," thus encompassing liability for accidents occurring in "space whose use

was incidental to the use [— not just the public accessibility —] of the expressly covered premises."

Under this standard, the distinction Hartford raises is inconsequential. First, the daily, necessary use of the sidewalk by Beekman Pharmacy patrons to enter and leave the pharmacy, i.e., the very activity in which Luders was engaged when he fell, represented an *increased risk* of liability attendant to the use of the demised premises. Second, an area servicing the demised premises, and traversed on a daily basis by its patrons is, by definition, *incidental to the use* of those premises. Hartford's allegation that Town Plaza was required to maintain the sidewalk does not alter these facts and thus does not affect coverage under the controlling standard. *See ZKZ Assocs. v. CNA Ins. Co.*, 224 A.D.2d 174, 176 (1st Dep't 1996), *aff'd*, 89 N.Y.2d 990 (1997) (finding it "not relevant" to coverage that the landlord may have been required to maintain the area where the subject accident occurred).

For example, in *Cerrullo*, the court found that the Javits Center's owner, NYCCOC, was entitled to additional-insured coverage under a policy Cigna issued to Cerrullo, a licensee of certain space at the center, for an accident that occurred outside that space, even though NYCCOC was obligated to maintain the area, because that area was incidental to the space's use. 269 A.D.2d at 276-77.

Similarly, in *Ambrosio*, the court found that the additional-insured school was entitled to coverage under a policy issued to a kennel club that leased portions of the school and the school's fields for a dog show for an accident sustained by a kennel-club member who was injured while walking on a sidewalk abutting the school between the school building

---

[1] Sandolo Memo. of Law, p. 9.

3

and the fields:

> Although the sidewalk where the injured plaintiff fell was not specifically named in the endorsement as leased premises, its use was incidental to the covered premises as a means of getting from the rooms within the School to the fields where the dog show was being held.

*Ambrosio v. Newburgh Enlarged City Sch. Dist.*, 5 A.D.3d 410 (2d Dep't 2004).

Indeed, since accidents on abutting sidewalks are necessarily incidental to the *landlord's* ownership of the demised premises, if not the tenant's use, a duty to defend and indemnify the landlord has been found even where the injured party was not entering or leaving the demised premises. *See L & B Estates, LLC. v. Allstate Ins.*, 71 A.D.3d 834 (2d Dep't 2010); *Dewars Mgt. Co., Inc. v. Great N. Ins. Co.*, No. 01-115, 2001 WL 1470342, at *1, 2001 N.Y. Slip Op. 40254(U) (App. Term 1st Dep't Aug 27, 2001) (owner entitled to additional-insured coverage under same endorsement for trip-and-fall on sidewalk adjacent to the demised premises since "any liability based on a sidewalk defect necessarily arose out of the 'use' of the demised premises"). In *L&B*, for example, the court found that the owner of the premises adjacent to the sidewalk where the injured person fell was entitled to additional-insured coverage under the same endorsement in the policy issued to its tenant because the owner's "ownership" of the demised premises rendered it liable for injury caused by defects on the abutting sidewalk. Stated otherwise, additional-insured coverage applied not because the named-insured *tenant* was responsible for maintaining the sidewalk, but rather because the *owner* was, by virtue of its ownership of the premises demised to the tenant.

This ruling underscores that the subject clause does not require that the owner's liability arise out of *the tenant's* "ownership, maintenance or use" of the demised premises, but rather that it may also arise out of the owner's "ownership, maintenance or use" of the demised premises, given the omission of any qualification that such ownership, etc., be either the owner's or the tenant's.

Indeed, Hartford concedes as much, and, while agreeing that adjacent sidewalks "may" be considered part of the leasehold regardless of the lease, argues that "[not] every sidewalk used en route to a tenant's leasehold is automatically part of the demised premises."[2] Of course, Tower does not claim that "every" sidewalk should be deemed part of the demised premises under the endorsement, but merely points out that, under controlling law, the landlord is entitled to additional-insured coverage where, as here, the injured party falls on the adjacent sidewalk while entering or leaving the demised premises.

In sum, the relevant issue here is not whether the sidewalk where the accident occurred is part of the premises demised to Hartford's insured, Beekman Pharmacy, or whether it is required under the lease to maintain the sidewalk, as Hartford wrongly claims, but rather simply whether Luders was engaged in an activity incidental to the use of the demised premises when the accident happened.

---

[2] Sandolo Memo. of Law, p. 10.

**II. Hartford erroneously argues that the complaint in the underlying action failed to trigger its duty to defend Town Plaza.**

To begin with, Hartford concedes that Beekman Pharmacy was contractually required to include Town Plaza on its policy for sidewalk liability, thus confirming that it is an additional insured on the policy under the blanket additional-insured endorsement with respect to "liability arising out of the ownership, maintenance or use of" the demised premises. Moreover, Hartford concedes that, based on this language, the endorsement covers liability both for accidents occurring within the demised premises and for certain accidents outside those premises, if there is a sufficient connection between the accident location and the use of those premises (although the parties disagree about the requisite nature of that connection).

Given the analysis above that additional-insured coverage under the subject clause is triggered by accidents occurring in areas incidental to the use or ownership of the demised premises, such as abutting sidewalks — and the broad duty-to-defend standard discussed in Tower's initial memorandum of law and unchallenged in Hartford's papers — a complaint against Town Plaza raising the mere possibility that Luders was injured in such an area triggered Hartford's duty to defend it.

In arguing in their initial memorandum of law and in opposition to Hartford's motion for summary judgment that that standard was satisfied here, plaintiffs pointed to the following: (1) the underlying complaint's broad allegation that Luders was injured on the sidewalk in front of Beekman Pharmacy;[3] and (2) that the complaint not only fails to allege facts eliminating the possibility that the sidewalk was part of the demised premises or

6

otherwise connected with the use of the demised premises but affirmatively alleges that Beekman Pharmacy was responsible for maintaining the sidewalk and created the alleged condition giving rise to the accident.[4]

In opposition, Hartford does not deny that these allegations raise the possibility of coverage, but instead argues that its blanket endorsement does not cover Town Plaza because it had no leasehold obligation to maintain the sidewalk. However, as the cases Tower cites in Point I *supra* illustrate, under the particular language of the additional-insured clause at issue here, coverage may be triggered even if the named-insured tenant had no duty to maintain the accident situs. In any event, as explained in Tower's initial memorandum of law, the duty to defend hinges on whether "the four corners of the complaint suggest — or the insurer has actual knowledge of facts establishing — a reasonable possibility of coverage," not on what the actual facts are ultimately determined to be. *Cont'l Cas. Co. v. Rapid-Am. Corp.*, 80 N.Y.2d 640, 648 (1993). Under this standard, insurers must defend even if extrinsic evidence shows that asserted claims are meritless or outside the policy's coverage. *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 66 (1991); *see also Pahl v. Grenier*, 277 A.D.2d 681, 683 (3d Dep't 2000) (insurer may not look beyond the complaint's allegations to avoid their obligation to defend); *see also Allcity Ins. Co. v. Fisch*, 32 A.D.3d 407 (2d Dep't 2006) (complaint's negligence allegations within the scope of policy). Since, in determining whether an insurer has a duty to defend under this standard, the court's only duty is to "compare the allegations of the complaint to the terms of the policy," *A. Meyers & Sons Corp. v. Zurich Am. Ins. Group*, 74 N.Y.2d 298, 302

---

[3] *See* complaint attached to Seltzer Decl. as Ex. C at ¶ 10.
[4] *See id.* at ¶¶'s 15-22.

7

(1989), and since the pleaded allegations do not therefore eliminate the possibility that the sidewalk was part of the demised premises, Luder's complaint raised the possibility that Town Plaza could be held liable based on its ownership of the premises demised to Beekman Pharmacy, and thus triggered Hartford's duty to defend it.

**III. Since the evidence establishes as a matter of law that the sidewalk where Luders fell was incidental to the use of the demised premises, Hartford has a duty to indemnify Town Plaza and thus to reimburse Tower for the amount it paid to settle the underlying action on Town Plaza's behalf.**

As Tower established in its initial papers and Point I *supra*, Hartford's duty to indemnify Town Plaza is triggered if it is established that Luders was injured in an area incidental to the use of the premises demised to Beekman Pharmacy. Since the evidence establishes as a matter of law that the adjacent sidewalk was indeed incidental to the use of the demised premises, Hartford must indemnify Town Plaza.

As respects the facts in the underlying action upon which plaintiffs rely in demonstrating that the accident occurred in an area that was "incidental" to the use of the demised premises, Hartford is mostly in agreement. Specifically, Hartford admits or at least does not dispute: (1) that Luders fell on the sidewalk abutting Beekman Pharmacy; (2) that Luders was leaving the pharmacy when he fell; (3) that the sidewalk was used by pharmacy patrons to enter or leave the demised premises; and (4) that Luders fell no more than ten to fifteen steps from the pharmacy's entrance. Given the undisputed testimony that the sidewalk was incidental to the use of the demised premises, and the legally established breadth of the additional-insured clause to include such use, Tower is entitled to summary judgment on its claim for indemnity as well. *See, e.g., Leading Ins. Group Ins. Co., Ltd. v. Greenwich Ins. Co.*, 44 Misc.3d 435 (Sup. Ct. Kings Cty. 2014) (landlord entitled to defense and indemnification for sidewalk fall under identical endorsement regardless of precise of location of fall since "[i]t is obvious that the entire sidewalk . . . is necessary for access to or from the restaurant, even though a customer would use only a

portion of the sidewalk entering or leaving as determined by the intended direction of travel").

This is so regardless of Hartford's curious contention that Beekman Pharmacy had not yet received a final certificate of occupancy for the part of the demised premises nearest the accident location. Hartford does not deny that the pharmacy was occupying the entire space when the accident happened pursuant to the lease, nor does not dispute that its policy covers the space. Had Hartford intended to condition additional-insured coverage on a showing that such a certificate had been issued, it could have said so.[5]

Since the endorsement in its policy broadly covers liability arising out of the pharmacy's use, and thus, under well-established law, covers accidents on abutting sidewalks used by pharmacy patrons to enter or leave the premises, since Luders was indeed leaving the pharmacy when he fell, and since, under well-established law, those facts trigger not only a duty to defend but also a duty to indemnify, Tower is entitled to summary judgment.

---

[5] See id. at p. 3.

**IV. The new construction exclusion is inapplicable and was otherwise waived by Hartford's failure to issue a timely disclaimer of coverage pursuant to Insurance Law ¶ 3420(d).**

In its last-ditch effort to defeat Tower's motion, Hartford wrongly claims that coverage is barred by its exclusion for structural alterations, new construction, or demolition operations.

Initially, as discussed in Point II of Tower's memorandum of law in opposition to Hartford's motion, an insurer seeking to be relieved of its duty to defend based on a policy exclusion bears the burden of demonstrating that "the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, in toto, are subject to no other interpretation." *Int'l Paper Co. v. Continental Cas. Co.*, 35 N.Y.2d 322, 325 (1974); *see also Consol. Edison Co. of N.Y. v. Allstate Ins. Co.*, 98 N.Y.2d 208, 218 (2002) ("Generally, it is for the insured to establish coverage and for the insurer to prove that an exclusion in the policy applies to defeat coverage"). Since Luders' complaint does not allege the accident arose out of structural alterations, new construction, or demolition operations, but rather broadly alleges the accident arose from Town Plaza and Beekman Pharmacy's negligence in their ownership, maintenance, or use of the demised premises, Hartford's duty to defend was triggered. *See Seaboard Sur. Co. v. Gillette Co.*, 64 N.Y.2d 304, 310 (1984) (where grounds for coverage exist, the duty to defend exists even if additional claims are non-covered or excluded).

Nor does the exclusion relieve Hartford of its duty to indemnify since, among other reasons, it fails to demonstrate evidence that the accident was caused solely by structural alterations, new construction, or demolition operations, i.e., that no claims fell outside the

excluded conduct, and that the exclusion therefore applies. Indeed, the court in the underlying action underscored that the accident may have been caused, at least in part, by inadequate lighting, a condition unrelated to construction or even the sidewalk itself.

Hartford also ignores the qualifying language in the endorsement stating the exclusion applies only to those excluded activities "performed by or on behalf of such person," i.e., additional insured Town Plaza. Since the witness that testified for Beekman Pharmacy in the underlying action did not deny that its own workers may have left materials on the sidewalk, Hartford has not demonstrated the exclusion applies to the undisputed facts.[6]

In any event, since Hartford does not deny that it waited until July 18, 2011 to disclaim coverage to Town Plaza, more than eight months after it was first notified of the occurrence and claim, and offers no excuse for the resulting eight-month delay, it is precluded from relying on the new construction exclusion under Insurance Law § 3420(d), i.e., the prompt-disclaimer statute. *See, e.g., Guzman v. Nationwide Mut. Fire Ins. Co.*, 62 A.D.3d 946 (2d Dep't 2009) (finding a 51-day delay in disclaiming coverage unreasonable as a matter of law); *Uptown Whole Foods, Inc.*, 302 A.D.2d 592, 593 (2d Dep't 2003) (finding a 57-day delay in disclaiming coverage unreasonable as a matter of law); *see also Quincy Mut. Fire Ins. Co. v. Enoe*, 107 A.D.3d 775 (2d Dep't 2013) (insurer bears the burden of explaining the delay in notifying the insured of the disclaimer). Thus, Hartford's disclaimer was untimely as a matter of law.

---

[6] *See* deposition tr. of Arnold Papowitz attached to Seltzer Decl. in Support as Ex. F at TOWER000540.

IV. **Since Hartford fails to address the remaining issues plaintiffs raised, it has effectively conceded them.**

While Hartford disputes Town Plaza's entitlement to additional-insured coverage under its lessor's endorsement, it fails to contest any other issues, including Town Plaza's qualification as additional insured under the policy, or Tower's right to full reimbursement for all amounts spent defending and indemnifying Town Plaza in the underlying action based on the policies' respective "other insurance" clauses. Hartford has thus clearly conceded those issues.

## Conclusion

Based on the foregoing, it is respectfully requested that this Court grant plaintiffs' motion in its entirety, and grant such other and further relief as this Court deems just and proper.

Dated:     New York, New York
           May 18, 2015

                        Respectfully submitted,

                        LAW OFFICE OF MAX W. GERSHWEIR
                        Attorneys for Plaintiffs
                        100 William Street, 7th Floor
                        New York, New York 10038
                        212-655-4000

                        by Joshua L. Seltzer