UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
TOWN PLAZA OF POUGHQUAG, LLC and
TOWER INSURANCE COMPANY OF NEW
YORK,

         Plaintiffs,

  -against-

HARTFORD INSURANCE COMPANY,

         Defendant.
------------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10-3-16

12-CV-7823 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., District Judge:**

On June 24, 2016 Magistrate Judge Sarah Netburn issued a Report and Recommendation recommending dismissal of Plaintiffs' claims. Prior to the Report, Plaintiffs Town Plaza of Poughquag, LLC and Tower Insurance Company of New York failed to respond to numerous court orders and ultimately missed several deadlines. On July 11, 2016, Plaintiffs' submitted a letter addressed to the undersigned, requesting additional time to object to the Report. Within the letter, Plaintiffs' new counsel noted that both of the attorneys of record for the Plaintiffs had departed from the firm representing Plaintiffs and were no longer assigned to the matter. The Court granted Plaintiffs' request for additional time and, on July 29, 2016, Plaintiffs submitted their Objections to the Report and Recommendation. For the reasons set forth below, I reject the Report and Recommendation.

## BACKGROUND

In the Objections, Plaintiffs explain how they faced a litany of issues in retaining new counsel and how they had not realized that the Court had made several attempts to schedule proceedings. Indeed, it appears that the electronic notifications from the Court essentially

1

disappeared into the ether. The law firm of Max Gershweir, Esq., Plaintiffs' counsel, dissolved in October 2015. Although Mr. Gershweir had hoped to continue working on this matter after he moved his practice to a new firm, he later learned that a conflict of interest would prevent him from doing so. Moreover, neither Mr. Gershweir nor Joshua Seltzer, Esq., the attorney of record in the matter, had access to their prior e-mail addresses, such that they would receive notices from the Court. Meanwhile, Plaintiffs had been engaging in a search for new counsel. Beginning in mid-April 2016, Cheryl De Carter, the Tower Insurance supervisor responsible for this matter, reached out to four law firms and learned that each one also had a conflict of interest preventing them from participating in this case. Plaintiffs did not retain the counsel currently appearing in this matter until June 15, 2016—five days after Judge Netburn's final deadline to indicate whether Plaintiffs intended to continue their prosecution.

## DISCUSSION

The Court may accept, reject, or modify, in whole or part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the R & R, the Court must make a *de novo* determination of those portions of the R & R to which objections are made, but may accept uncontested portions so long as those portions are not "clearly erroneous." *Id.*; *see also Gomez v. Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009).

As an initial matter, the district court has discretion in determining whether a plaintiff's claims should be dismissed for failure to prosecute. *Jenkins v. City of New York*, 176 F.R.D. 127, 128-29 (S.D.N.Y. 1997) (citing *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995)); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). The Second Circuit has recognized that a Rule 41(b) dismissal is a "harsh remedy [that] is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Where the dismissal is with prejudice, it should be

used only upon a finding "of willfulness, bad faith, or reasonably serious fault." *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) (internal citations omitted). Indeed, the dismissal "must be supported by clear evidence of misconduct." *Id.*

In *Shannon v. General Electric Co.*, the Second Circuit noted that when reviewing whether a district court's decision to dismiss an action for failure to prosecute is an abuse of its discretion, the Court of Appeals must examine:

> [1] [T]he duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

186 F.3d 186, 193-94 (2d Cir. 1999) (citing *Nita v. Conn. Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994)).

Given the unique facts of this matter, the Court does not find it appropriate to dismiss this matter. First, the Court notes that dismissal for failure to prosecute is a harsh remedy reserved for extreme situations. When accepting Plaintiffs' contentions, it becomes apparent that the Plaintiffs never received timely notice that further delay would result in dismissal. Furthermore, Plaintiffs' prolonged search for counsel demonstrates that they had an unwavering intent to continue litigating this matter. In reaching this conclusion, I note that Judge Netburn evaluated a set of facts that were wholly disparate and that her Recommendation accurately assessed the situation before her. Plaintiffs' presented new information to the Court immediately after the Report was filed—altering the Court's awareness of the facts and warranting a different outcome.

## CONCLUSION

For the reasons outlined above, the Report and Recommendation is rejected. The parties are directed to contact Judge Netburn's chambers to inquire about next steps.

**SO ORDERED.**

Dated:      New York, New York
            October 3, 2016

_____
ANDREW L. CARTER, JR.
**United States District Judge**